DAMALI A. TAYLOR (S.B. #262489)
dtaylor@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, California 94111
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

DAWN SESTITO (S.B. #214011)
dsestito@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071
Telephone:    +1 213 430 6000
Facsimile:    +1 213 430 6407

Attorneys for Defendants
AIRBNB, INC. and
AIRBNB PAYMENTS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ABDALLAH ELHANIA, ZAHRA ELMENJAOUI,<br><br>  Plaintiffs,<br><br>  v.<br><br>AIRBNB, INC., AIRBNB PAYMENTS, INC, KE ZHOU, and DOES 1-30,<br><br>  Defendants. | Case No.<br><br>**DEFENDANTS AIRBNB, INC. AND AIRBNB PAYMENTS, INC.'S NOTICE OF REMOVAL** |

- 1 -

**DEFENDANT AIRBNB, INC. AND AIRBNB PAYMENTS, INC.'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Airbnb, Inc. ("Airbnb") and Airbnb Payments, Inc. ("Airbnb Payments") hereby give notice of removal of this action, captioned *Abdallah Elhania v. Airbnb Inc.*, Case No. CGC-23-605312, from the San Francisco Superior Court to the United States District Court for the Northern District of California. Pursuant to 28 U.S.C. § 1446(a), Airbnb and Airbnb Payments provide the following statement of the grounds for removal:

## BACKGROUND

1. On March 22, 2023, Plaintiffs Abdallah Elhania and Zahra Elmenjaoui ("Plaintiffs") filed a Complaint for Damages and Injunctive Relief in the San Francisco Superior Court against Airbnb. A copy of the Complaint is attached hereto as **Exhibit 1.**

2. Airbnb and Airbnb Payments have not yet been served in this matter.

## VENUE AND JURISDICTION

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the San Francisco Superior Court, where the Complaint was filed, is a state court within the San Francisco Division of the Northern District of California.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiffs and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**I.   THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFFS AND DEFENDANTS.**

5. There is complete diversity of citizenship here because Plaintiffs are citizens of Texas, and Defendants are citizens of Delaware, California, and Maryland. The diversity requirement is satisfied where, as here, an action "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**A.     Plaintiffs Are Citizens of Texas.**

6. On information and belief, Plaintiffs Abdallah Elhania and Zahra Elmenjaoui are domiciled in and therefore citizens of Texas. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (in notice of removal, "a defendant's allegations of citizenship may be based solely on information and belief"); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (permitting pleading of citizenship on information and belief).

**B.     Defendants are Citizens of California, Delaware, and Maryland.**

7. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

8. Airbnb is a Delaware corporation with its principal place of business in California. Compl. ¶ 3; Decl. of Dan McDowell ¶ 2. Therefore, Airbnb is a citizen of California and Delaware.

9. Airbnb Payments is a Delaware corporation with its principal place of business in California. Compl. ¶ 4; Decl. of Dan McDowell ¶ 3. Therefore, Airbnb Payments is a citizen of California and Delaware.

10. Upon information and belief, Defendant Ke Zhou is domiciled in and therefore a citizen of Maryland.

**II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citation omitted).

12. Here, Plaintiffs allege that their son was fatally shot while attending a party thrown at Defendant Ke Zhou's property, which was booked by an unknown individual via Airbnb's online

platform. Compl. ¶¶ 1-2, 6-7, 9, 41. Plaintiffs bring causes of action against all defendants for negligence, wrongful death, premises liability, unfair business practices, and two counts of nuisance. *Id.* at 7-11. Plaintiffs seek general and special damages, interest, and costs of suit, injunctive relief as to the subject property, and any "such further relief as the Court may deem proper." *Id.* at 11-12.

13. "[J]udicial experience and common sense dictate that the value of [Plaintiffs'] claims (as pled) more likely than not exceeds the minimum jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1066 (11th Cir. 2010). Were Plaintiffs to prevail on their claims, they would recover in excess of $75,000.

### III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

#### A. The Notice of Removal Is Timely.

14. This Notice of Removal is timely filed. Defendants have not yet been served in this matter, and indeed this Notice of Removal was filed the day after the Complaint was filed. *See* 28 U.S.C. § 1446(b)(1); Ex. 1.

#### B. All Properly Joined and Served Defendants Consent to Removal.

15. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

16. On information and belief, neither Airbnb, Airbnb Payments, nor any other defendant in this action has been served with the Complaint.

17 By filing this Notice of Removal, Airbnb and Airbnb Payments do not waive any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Airbnb and Airbnb Payments request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

#### C. Notice of Removal

18. Pursuant to 28 U.S.C. § 1446(d), Airbnb and Airbnb Payments will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter, and will

file a copy of this Notice with the clerk of the state court.

## CONCLUSION

WHEREFORE, Airbnb and Airbnb Payments hereby remove this action from the San Francisco Superior Court to the United States District Court for the Northern District of California.

Dated: March 23, 2023          Respectfully submitted,

*/s/ Damali A. Taylor*

DAMALI A. TAYLOR (S.B. #262489)
dtaylor@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, California 94111
(415) 984-8700

DAWN SESTITO (S.B. #214011)
dsestito@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000

*Attorneys for Defendants*
*Airbnb, Inc. and Airbnb Payments, Inc.*

# EXHIBIT 1

TERESA LI (SBN 278779)
LAW OFFICES OF TERESA LI, PC
**Mailing Address:**
548 Market St.
PMB 24496
San Francisco, California 94104-5401
**Physical Address:**
2542 S. Bascom Ave. Suite 250
Campbell, CA 95008
Telephone:     (415) 423-3377
Facsimile:      (888) 646-5493
Email: teresa@lawofficesofteresali.com

**Attorneys for Plaintiffs**
ABDALLAH ELHANIA and
ZAHRA ELMENJAOUI

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**03/22/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

SUPERIOR COURT - STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

| | |
|---|---|
| ABDALLAH ELHANIA, ZAHRA ELMENJAOUI,<br><br>Plaintiffs,<br><br>v.<br><br>AIRBNB, INC. AIRBNB PAYMENTS, INC, KE ZHOU, and DOES 1 – 30,<br><br>Defendants. | Case No.<br>**CGC-23-605312**<br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(Negligence, Wrongful Death, Premises Liability, Unfair Business Practice, Nuisance, and Public Nuisance)** |

Plaintiffs ABDALLAH ELHANIA and ZAHRA ELMENJAOUI file this Complaint for causes of action against Defendants, AIRBNB, INC., AIRBNB PAYMENTS, INC., KE ZHOU, and DOES 1 to 30, inclusive, and alleges as to each of the parties as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff ABDALLAH ELHANIA is the biological father of decedent Elias Elhania.

2. Plaintiff ZAHRA ELMENJAOUI is the biological mother of decedent Elias Elhania.

3. Defendant AIRBNB, INC.'s principal place of business is 888 Brannan Street, San Francisco, CA 94103.

Complaint.docx

1

COMPLAINT

4. Defendant AIRBNB PAYMENTS, INC.'s principal place of business is 888 Brannan Street 4th Floor, San Francisco, CA 94103.

5. Defendants AIRBNB, INC. and AIRBNB PAYMENTS, INC. are collectively referred to as AIRBNB.

6. The Subject Property is located at 1447 Navarro Drive, Sunnyvale, California 94087, Assessor's Parcel Number 313-14-018, in the County of Santa Clara.

7. Defendant KE ZHOU purchased the Subject Property on May 14, 2018.

8. The Subject Property consists of a single-family residential structure that Defendants have used as a short-term rental since at least from 2018 up to the date of the subject incident, which is August 7, 2021 and possibly afterwards, as well.

9. The identities of the renter(s) of the Subject Property are unknown.

10. The identities of the people who hosted the party are unknown.

11. Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOES 1-30, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of said Defendants, when the same have been ascertained, together with such other charging allegations as may be appropriate.

12. Plaintiffs are informed and believes, and thereupon alleges, that each Defendant designated as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereafter referred to, and caused injuries and damages proximately thereby to plaintiffs, as hereinafter alleged, either through said Defendants' own negligent conduct, or through the conduct of their agents, servants or employees, or in some other manner as yet unknown.

13. Plaintiffs are informed and believe, and thereupon alleges, that at all times mentioned herein, defendants and each of them, were the agents, servants, employees, independent contractors and/or joint venturers of their co-defendants and were, as such, acting within the scope, course and authority of said agency, employment, contract, and/or joint venture, or acting in the concert, and that each and every defendant, as aforesaid, when acting as

a principal, was negligent in the selection, hiring, training, control, and supervision of each and every other defendant as an agent, servant, employee, independent contractor and/or joint venture.

14. At some or all relevant herein, each Defendant was the agent of each other defendant, each Defendant was acting within the court and scope of that agency, each Defendant ratified the conduct of the other Defendants with actual and/or constructive knowledge of such conduct, and each Defendant was subject to and under the supervision of the other defendant.

15. All allegations alleged herein as based on information and belief.

## GENERAL ALLEGATIONS

16. The Subject Property was purchased by the homeowner, Defendant KE ZHOU, for the single, express purpose of partnering with short-term rental company Defendants AIRBNB to generate passive income. Defendant KE ZHOU never used the Subject Property as a residence, nor did she ever intend to utilize it as such.

17. During all relevant time period, Defendant KE ZHOU resided out of state, and not at the Subject Property.

18. During all relevant time period, Defendant KE ZHOU has never applied for an approval for short-term rental of the Subject Property from City of Sunnyvale.

19. At all relevant period, Sunnyvale Municipal Code ("SMC") Section 19.76030 declares: "The short-term rental of residential property is prohibited use in every zoning district in the city, with exception of approved hosted rental permitted pursuant to this chapter."

20. Pursuant to SMC § 19.76.040 (a)(1)-(4), (6), (8), in order to be approved by City of Sunnyvale for short-term rental,

    a. the rental "must be approved by the director pursuant to Section 19.76.050;"

    b. the rental has "[a] maximum of four overnight lodgers . . . per night in any single-family dwelling . . ."

    c. "rental to unaccompanied minors under the age of eighteen is prohibited";

    d. "The host shall reside on site throughout the lodgers' stay. To reside on

site means that the property being used for short-term rentals is the host's primary residence and the host uses the property for purposes of eating, sleeping, and other activities of daily living during the time periods that lodgers are present."

   e. "The host shall comply with all permit conditions and applicable local, state, and federal law, including but not limited to, health, safety, fire, and building codes."

   f. "The host shall obtain a business license, if required by Chapter 5.04 of this code."

21. In particulate, the legal requirement that the host shall reside on site throughout the lodgers' stay is intended to stop the short-term rental from becoming a "party house" which unfortunately, is exactly what has happened here, with catastrophic consequences.

22. SMC Section 19.76.050 also declares, "No person shall **undertake**, maintain, authorize, **aid**, **facilitate** or **advertise** any **hosted** short-term rental activity that does not comply with the provisions of this code." (Emphasis added.)

23. SMC 19.76.090 declares illegal short-term rental to be "public nuisance."

24. City of Sunnyvale publishes a list of addresses that have been approved by the city for short-term rental on its website, available for the public. (Registered Short-term Rentals, https://www.sunnyvale.ca.gov/home/showpublisheddocument/1818/638100658797830000, Feb. 8, 2023.)

25. The City of Sunnyvale never approved the Subject Property for short-term rental.

26. In order to be listed on AIRBNB for short-term rental, owner has to create a profile on its website and submit the property for AIRBNB's approval. Once approved, AIRBNB has the ability to rank the listed property based on whether the property follows AIRBNB's rules. The lower the ranking, the less likely the property would be booked. AIRBNB also has the right to terminate the listing for any violations. For each successful short-term rental, AIRBNB makes a commission, charges service fees, and collect taxes and fees.

27. During all relevant period, AIRBNB knew about City of Sunnyvale's law on short-term rental: AIRBNB has hosted a specific webpage discussing City of Sunnyvale's short-term rental law; AIRBNB participated in the enactment of City of Sunnyvale's short-term rental

law in 2015; and AIRBNB pays its host's transient occupancy tax ("TOT") to City of Sunnyvale from the short-term rental that AIRBNB undertakes, maintains, facilitates, aids, and/or advertises.

28. During all relevant period, AIBNB either knew or should have known that the short-term rental of the Subject Property was illegal, including but not limited to (1) the Subject Property was never on the City of Sunnyvale's list of the approved short-term rental addresses, and (2) AIRBNB listed the Subject Property as the "entire house" which directly violates SMC Section 19.76.040 (a), which requires "The host … reside on site throughout the lodgers' stay."

29. From July 2018 through at least August of 2021, Defendants AIRBNB, KE ZHOU, and DOES 1-30, and acting as each other's agents, thwart the legal requirements regarding short-term rental law established by City of Sunnyvale in order to make financial gains by

    a. Listing the Subject Property on AIRBNB marketplace for short-term rental illegally, in violation of Sunnyvale Municipal Code Section 19.76.030;

    b. Listing the Subject Property on AIRBNB marketplace as "Entire place: a place all to yourself" instead of "Private room: Your own room in a home or a hotel, plus some shared common spaces," in violation of SMC Section 19.76.030(a)(4) which requires the host to reside onsite throughout the stay;

    c. Listing the Subject Property on AIRBNB without having a copy of the KE ZHOU's business license on file, in violation of SMC Section 19.76.030(a)(8);

    d. Continuing to list the Subject Property as a short-term rental on AIRBNB after it had become a nuisance due to short-term rental activity, such as excessive noise complaints, disturbance complaints, traffic congestion complaints, in violation of SMC Section 19.76.030(a)(10); and

    e. Failure to make TOT payment to City of Sunnyvale on behalf of KE ZHOU, in violation of SMC Section 19.76030(a)(9), to further cover up the fact that Defendants AIRBNB and KE ZHOU are making financial gains from the illegal listing of the Subject Property.

    f. Accepting the rental from more than four overnight occupants for the

Subject Property, in violation of SMC Section 19.76.030(a)(2); and

  g. Accepting the rental from "unaccompanied minors under the age of eighteen is prohibited" without verifying the guests' ages, in violation of SMC Section 19.76.030(a)(3).

 30. From July 2018 to August 2021, AIRBNB undertook, aided, facilitated, and advertised the Subject Property for short-term rental for approximately 1,119 days in violation of SMC Section 19.76.050.

 31. AIRBNB also knew or should have known, before August 7, 2021, that short-term rental carried higher risk of hosting mass party which tends to result in bodily injuries or death. In particular, the illegal short-term rental carries higher than usual safety risks, because criminals seek out illegal units to commit a crime in.

  a. On October 31, 2019, an Airbnb "Mansion Party" was hosted on a Halloween night at a residence located at 114 Lucille Way in the City of Orinda, County of Contra Costa, State of California. The property was rented over AIRBNB marketplace and was in violation of Orinda Municipal Code 17.3.12 on short-term rental and Contra Costa Municipal Code that prohibits large parties to be held at short-term rental. As a result, a party attendee was shot to death.

  b. In the six months prior to the Halloween Mansion Party mass shooting in 2019, there were no fewer than 42 incidents of gun violence at short term rentals across the nation. In California alone, there had been at least four shootings in the months of September and October 2019. On October 27, 2019, in nearby Sacramento, California, there was a fatal shooting at an Airbnb party where three others also were shot. (Bauman A, Serrano A. Orinda Airbnb Violence fits pattern – at least 42 people shot at short-term rentals in last 6 months, SFChronicle.com; https://www.sfchronicle.com/crime/article/Orinda-Airbnb-violence-fits-pattern-at-least-14815970.php published on Nov. 6, 2019.)

  c. On January 9, 2021, seven months before the subject incident, an individual was assaulted and battered inside a massive party at 31800 Pace Lane, Desert Hot Springs, CA 92241 rented from AIRBNB.

32. On August 7, 2021, Defendants were using or operating the Subject Property as an illegal short-term rental and the renters hosted a large party in excess of 150-200 guests.

33. The party was advertised all over the internet. It included a cover-charge and the party began at 9:30 p.m. Unsurprisingly, the party resulted in an 18-year-old Elias Elhania being shot in the sternum and neck and killed on the Subject Property. Another individual was also shot in the right shoulder, right side of the back, and another grazing wound on the back but survived.

34. It is extremely unlikely a massive, advertised house party would have occurred at the Subject Property and of course, Elias Elhania would not have been killed at the Subject Property, had Defendants AIRBNB and KE ZHOU and DOES 1-30 followed the SMC on short-term rental.

35. After the death of their son, Plaintiffs and their family had to move out of California, in an attempt to heal from the death of their son.

**FIRST CAUSE OF ACTION – NEGLIGENCE**

**(By All Plaintiffs as against All Defendants)**

36. Plaintiffs incorporate by reference paragraph 1 through 35 as though fully set forth herein.

37. Defendants acting as agent of each other, owe a duty of basic standard of care to the decedent Elias Elhania and his parents Plaintiffs. This duty is based on the general duty of care under Civil Code Section 1714(a), based on peril created by Defendants, based on special relationship such as businesses and tenants/customers/invitees, landowners and invitees, innkeepers and their guests, real estate brokers and their clients, and as travel agents and travelers. The duty is also statutorily imposed pursuant to SMC on short-term rental. The duty is also based on the undertaking theory where AIRBNB, voluntarily and/or for a charge, rendered the listing service for KE ZHOU to list the Subject Property as a short-term rental in the City of Sunnyvale. In doing so, AIRBNB enabled its webpage's option to allow KE ZHOU to list the Subject Property as an "entire house" on AIRBNB's website for short-term rental, and was supposed to pay TOT on behalf of KE ZHOU to City of Sunnyvale for these rentals. The

service was of a kind that AIRBNB should have recognized as needed for the protection of Plaintiffs and the decedent.

38. It is reasonably foreseeable for Defendants that unauthorized large party that serves alcohol to minors at its illegal rental carries a higher risk of physical harm.

39. Defendants failed to exercise its duty including but not limited to violating SMC Sections 19.76.020, 19.76.030, 19.76.040, 19.760.050, 19.76.060, and 19.76.090.

40. AIRBNB's breach of the undertaker duty added to the risk of harm, and/or AIRBNB's service was rendered to perform a duty that KE ZHOU owed to third persons including the decedent and Plaintiffs and/or the decedent/Plaintiffs suffered harm because KE ZHOU relied on AIRBNB's services.

41. As a result, Elias Elhania was killed at the Subject Property during the uncontrolled party.

42. Defendants' breach of their duties was a substantial factor in causing plaintiffs' harm.

### SECOND CAUSE OF ACTION – WRONGFUL DEATH
**(By All Plaintiffs as against All Defendants)**

43. Plaintiffs incorporate by reference paragraph 1 through 42 as though fully set forth herein.

44. Plaintiffs are entitled to bring this action under Code of Civil Procedure Section 377.60, based on allegations fully set forth herein.

### THIRD CAUSE OF ACTION – PREMISES LIABILITY
**(By All Plaintiffs as against All Defendants)**

45. Plaintiffs incorporate by reference paragraph 1 through 44 as though fully set forth herein

46. Acting as each other's agent, Defendants owned, leased, occupied, controlled the Subject Property.

47. Defendants were negligent in the use or maintenance of the Subject Property;

48. As a result, Elias Elhania was killed at the Subject Property during the

uncontrolled party.

49. Defendants' negligence was a substantial factor in causing Plaintiffs' damages.

### FOURTH CAUSE OF ACTION – UNFAIR BUSINESS PRACTICE

**(By All Plaintiffs as against All Defendants)**

50. Plaintiffs incorporate by reference paragraph 1 through 49 as though fully set forth herein.

51. B&P Section 17200, et seq. provides that unfair competition includes "any unlawful, unfair, or fraudulent business act or practice." An unlawful business activity includes "anything that can properly be called a business practice and that at the same time is forbidden by law." (*People v. McKale* (1979) 25 Cal.3d 626, 632; *Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 827.)

52. Failure to comply with local codes constitutes an unlawful business practice. (*See KcKale*, *supra*, 25 Cal.3d at 632; *Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 928.)

53. B&P Section 17203 provides, "[a]ny person who engages, has engaged, or proposed to engage in unfair competition may be enjoined," and that the court may make any order necessary to prevent unfair competition, "including the appointment of a receiver" and "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

54. Person includes "natural persons, corporations, firms, partnerships, joint stock companies, associations, and other organizations of persons." (B&P, § 17201.) Defendants are therefore included in the definition of "persons" under the Unfair Competition Law.

55. As set forth above, Defendants have owned, operated, advertised, or otherwise have been responsible for the operation of an illegal, unpermitted, and non-hosted short-term rental at the Subject Property, having no required approvals and operating in violation of the SMC and other laws, all the while making illegal profit.

56. By allowing the violations of law to exist on the Subject Property, Defendants have engaged in unlawful business practices constituting unfair competition within the meaning of the Unfair Competition Law.

57. Each of the Defendant is responsible for conducting, maintaining, and directly or indirectly permitting the practice of unfair competition in violation of the Unfair Competition Law.

58. These violations render each Defendant subject to the remedies provided in B&P section 17203, including injunctive relief, a receiver's appointment, and orders disgorging Defendants' ill-gotten gains.

59. As a result, plaintiffs have suffered economic injury.

### FIFTH CAUSE OF ACTION – NUISANCE
**(By All Plaintiffs as against All Defendants)**

60. Plaintiffs incorporate by reference paragraph 1 through 59 as though fully set forth herein.

61. Acting as agent of each other, Defendants owned/leased/occupied/controlled the Subject Property.

62. Defendants, by acting or failing to act, created a condition or permitted a condition to exist that was harmful to health, was indecent or offensive to the senses, and violate local municipal code.

63. Defendants' conduct in acting or failing to act was intentional and unreasonable or unintentional, but negligent or reckless, the condition that Defendants created or permitted to exist was the result of an abnormally dangerous activity.

64. This condition substantially interfered with plaintiffs' use or enjoyment of their land.

65. An ordinary person would reasonably be annoyed or disturbed by Defendants' conduct.

66. Plaintiffs did not consent to Defendants' conduct.

67. Plaintiffs were harmed.

68. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

69. The seriousness of the harm outweighs the public benefit of Defendants' conduct.

///

**SIXTH CAUSE OF ACTION – NUISANCE**

**(By All Plaintiffs as against All Defendants)**

70. Plaintiffs incorporate by reference paragraph 1 through 69 as though fully set forth herein.

71. The condition affected a substantial number of people at the same time.

72. The seriousness of the harm outweighs the social utility of Defendants' conduct.

73. Plaintiffs suffered harm that was different from the type of harm suffered by the general public.

74. Defendants' conduct was a substantial factor in causing plaintiffs' harm.

75. Alternatively, pursuant to SMC § 19.76.090, the illegal short-term rental is per se public nuisance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ABDALLAH ELHANIA and ZAHRA ELMENJAOUI pray for judgment on the First through Fourth causes of action against Defendants AIRBNB, INC., AIRBNB PAYMENTS, INC., KE ZHOU, and DOES 1-30, inclusive, as follows:

1. For special damages according to proof;

2. For general damages according to proof;

3. For interest to the extent allowable by law;

4. For costs of the suit herein;

5. For the Court to find and declare that the Subject Property, and Defendants' use of it, is a Public Nuisance, Nuisance Per Se, and Unfair Business Competition;

6. For the Court to enjoin Defendants AIRBNB, INC. and AIRBNB PAYMENTS, INC. from maintaining, permitting, allowing, causing and/or continuing the nuisances and unfair business practices, including all violations of law, on the Subject Property, including the use as an illegal short-term rental; and

///

///

///

7. For such further relief as the Court may deem proper.

Dated: March 22, 2023                    LAW OFFICES OF TERESA LI, PC

By _____
TERESA LI
**Attorneys for Plaintiffs**
ABDALLAH ELHANIA and
ZAHRA ELMENJAOUI