UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDALLAH ELHANIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AIRBNB, INC., et al., <br><br> Defendants. | Case No. 23-cv-01376-JSW <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. No. 11 |

Now before the Court for consideration is the motion to remand filed by Plaintiffs Abdallah Elhania and Zahra Elmenjaoui ("Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R.7-1(b). The Court VACATES the hearing scheduled for May 26, 2023. For the following reasons, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

On March 22, 2023, Plaintiffs filed the instant action in the Superior Court of the State of California, County of San Francisco ("San Francisco County Superior Court"), asserting causes of action for negligence, wrongful death, premises liability, unfair business practices in violation of California's Business and Profession Code section 17200, and nuisance arising out of the death of their teenage son at a party that occurred at an Airbnb rental in 2021. (Dkt. No. 1, Not. of Removal, Ex. 1.) Plaintiffs seek damages and injunctive relief. (*Id.*)

On March 23, 2023, Defendants Airbnb, Inc. ("Airbnb") and Airbnb Payments, Inc. ("Airbnb Payments") (collectively, "Defendants") removed the matter to this Court. Defendants assert that diversity jurisdiction exists under 28 U.S.C. section 1332(a) ("Section 1332") because Plaintiffs are citizens of Texas, Defendants are citizens of California, Delaware, and Maryland,

and the amount in controversy exceeds $75,000.00.  (*Id.* ¶¶ 6, 8-10, 11-13.)

On April 11, 2023, Plaintiffs filed the instant motion to remand this action to San Francisco County Superior Court.  (Dkt. No. 11.)  Plaintiffs argue that Defendants' notice of removal fails to establish complete diversity because Plaintiffs are domiciled in California.  Alternatively, if the Court denies the motion to remand, Plaintiffs request that the Court dismiss the action without prejudice under Federal Rule of Civil Procedure 41(a)(2) to allow Plaintiffs to refile in San Francisco Superior Court.[1]

**ANALYSIS**

**A.      Applicable Legal Standard.**

"'[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending.'"  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (quoting 28 U.S.C. § 1441).  Stated differently, a state-court defendant may only remove a lawsuit to federal court if the lawsuit could have originally been brought in federal court.  *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011).  "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nevada N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

Defendants contend that this Court has subject matter jurisdiction under Section 1332 on the basis of diversity.  Under this statute, district courts have subject matter jurisdiction over civil actions where the amount in controversy is greater than $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a)(1).

---

[1] Plaintiffs originally filed a complaint in Santa Clara Superior Court on October 21, 2022.  (Mot. at n.1; *see also* Dkt. No. 19, Declaration of Damali A. Taylor ("Taylor Decl."), ¶¶ 2-3.)  Plaintiffs voluntarily dismissed that case without prejudice on March 20, 2023.  (*Id.*)  Based on that voluntary dismissal, Plaintiffs require a court order under Rule 41(a)(2) to dismiss without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).

Challenges to the existence of removal jurisdiction should be resolved within the same framework as challenges to jurisdiction under Rule 12(b)(1). That is, "[l]ike plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992) (per curiam)). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Id.* Like under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. *Id.* "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* at 1121 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039).

**B.     The Court Grants the Motion to Remand.**

Section 1332 requires "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar*, 519 U.S. at 67-68. Plaintiffs argue removal was improper because complete diversity does not exist. Plaintiffs contend they are citizens of California for purposes of the diversity analysis, which destroys diversity between the parties.

A natural person is deemed to be a citizen of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her "permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* The intent to remain is the critical inquiry; a person "residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Accordingly, the Ninth Circuit has held that an averment of a person's residence does not constitute an averment of that person's citizenship. *See id.* at 857-58. However, although residency and citizenship are distinct concepts, numerous courts have recognized that residency constitutes prima facie evidence

3

of domicile, and thus citizenship. *See, e.g.*, *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2014) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile."); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747. 750 (9th Cir. 1986) (citing *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). "[A] person's old domicile is not lost until a new one is acquired." *Id.* (citing *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952). "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.* Determining an individual's domicile involves a number of factors, including:

> current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.

*Lew*, 797 F.2d at 750.

Additionally, domicile is evaluated in terms of "objective facts," and "'statements of intent are entitled to little weight when in conflict with facts.'" *Id.* (quoting *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985); *Korn v. Korn*, 398 F.2d 689, 691-92 n.4 (3rd Cir. 1968)); *Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009). Furthermore, "[e]ach individual case must be decided on its own particular facts." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). The burden of proving jurisdictional facts falls on the party invoking diversity jurisdiction. *See Kanter*, 265 F.3d at 857-58.

Here, Plaintiffs lived in California until November 2022. In November 2022, Plaintiffs left California for Texas. It is undisputed that Plaintiffs resided in Texas on March 23, 2023, when they filed the complaint in this action. Plaintiffs assert that they never intended to remain in Texas; rather, the time spent in Texas was a "healing trip" taken after the death of their son. Plaintiffs argue they always intended to return to California, which they did on April 1, 2023. They currently reside in Cupertino, CA. Defendants argue that Plaintiffs were domiciled in Texas when the complaint was filed and cannot now attempt to change their citizenship to destroy

4

diversity.

The question is whether Plaintiffs intended to remain in Texas indefinitely such that they established a new domicile there. In support of their motion to remand, Plaintiffs submitted declarations, in which they attest that they have lived in California since 2008 and filed taxes in California from 2008 through 2022. (*See* Dkt. No. 11-2, Declaration of Abdallah Elhania ("Elhania Decl."), ¶¶ 4-5; *see also* Dkt. No. 11-3, Declaration of Zahra Elmenjaoui ("Elmenjaoui Decl.") ¶¶ 4-5.) Plaintiffs aver that after the death of their son at a party at an Airbnb rental in August 2021, the family took a "healing trip" to Texas from November 2022 through April 1, 2023. (*Id.* ¶¶ 6-10.) Plaintiffs aver they did not intend to remain in Texas; they intended to return to California. (*Id.* ¶ 8.) Plaintiffs are registered to vote in California and have maintained a California phone number. (*Id.* ¶¶ 11-12.) While residing in Texas, Plaintiff Elmenjaoui worked remotely at a school in California, and Plaintiffs' two daughters attended California elementary and middle school remotely. (Elmenjaoui Decl. ¶¶ 13-14.) According to Plaintiffs, these facts establish they intended to return to California throughout their time in Texas. Thus, Plaintiffs assert they are domiciled in California and are California citizens for diversity purposes.

In opposing remand, Defendants point to the complaint, in which Plaintiffs allege that they "had to move out of California, in an attempt to heal from the death of their son." (Not. of Removal, Ex. 1, ¶ 35.) Defendants contend that this allegation conveys permanence and creates the inference that Plaintiffs moved to Texas with the intent to remain there indefinitely. Defendants argue that Plaintiffs' declarations contradict the allegations in the complaint, are self-serving, and should be given little weight absent evidence or proof of Plaintiffs' intent to return to California, such as written communications with landlords, employers, or teachers; a storage facility rental agreement in California to store belonging; or contemporaneous written communications stating their intention to return to California. Defendants also fault Plaintiffs for failing to offer evidence about whether they worked in Texas, paid taxes in Texas, or obtained or applied for driver's licenses in Texas.

In reply, Plaintiffs have provided supplemental declarations and submitted documentation to support their argument that they are domiciled in California. (*See* Dkt. No. 21-1, Supp. Elhania

5

Decl.; Dkt. No. 21-2, Supp. Elmenjaoui Decl.) Plaintiffs attest that they never filed taxes in Texas. (Supp. Elhania Decl. ¶ 14; *see also* Supp. Elmenjaoui Decl. ¶ 9; *id.*, Ex. 3.) Plaintiff Elhania attests that he was in Morocco caring for his mother from November 2022 to January 2023. (Supp. Elhania Decl. ¶ 5.) He joined his wife and daughters in Texas in January 2023. (*Id.*) Elhania worked at a warehouse in Texas for three weeks before he returned to California in April 2023, where he now works as a Lyft driver. (*Id.* ¶ 7, 9.) Plaintiffs provide copies of their current California driver's license showing their new address and California voter registrations, and Plaintiff Elmenjaoui provides a letter from her employer in California. (Supp. Elmenjaoui Decl. ¶ 10, Ex. 4.)

The Court finds that Plaintiffs' declarations and the documents submitted sufficient to establish Plaintiffs' domicile in California at the time this action was filed even though they were residing in Texas. The facts in the record show that Plaintiffs were living in California since 2008. Although Plaintiffs spent five months in Texas, they retained their California's driver's license, Plaintiff Elmenjaoui continued working remotely in California, their daughters continued attending school remotely in California, and they did not file taxes in Texas.

The Court also declines Defendants' request to hold this motion in abeyance for the purpose of conducting limited jurisdictional discovery. Plaintiffs have supplied much of the documentation Defendants argued was lacking, and the Court does not consider this to be a situation where further discovery is needed to resolve the issue of domicile.

Thus, the Court concludes diversity does not exist, and the case must be remanded.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand. This matter is remanded back to the San Francisco Superior Court. Plaintiffs' motion to dismiss is DENIED AS MOOT. The Court VACATES the hearings scheduled for May 26, 2023. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 16, 2023

JEFFREY S. WHITE
United States District Judge